UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY IVAN COGSWELL,<br><br>         Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF SAN DIEGO COUNTY, et al.,<br><br>         Defendant. | Case No.: 3:17-cv-0480-AJB-NLS<br><br>**ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915A** |

  Henry Ivan Cogswell ("Plaintiff"), a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") brought pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In addition, Plaintiff has prepaid the initial civil filing fee required to commence a civil action pursuant to 28 U.S.C. § 1914(a). (ECF No. 4.)

/ / /

/ / /

**I.	Initial Screening per 28 U.S.C. § 1915A(b)(1)**

Even though Plaintiff paid the filing fee, the Court can conduct a sua sponte review of Plaintiff's Complaint because he is "incarcerated or detained in any facility [and] is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(a), (c). Section 1915A, enacted as part of the Prison Litigation Reform Act ("PLRA"), requires sua sponte dismissal of prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). A similar screening provision of the PLRA would apply to Plaintiff's Complaint even if he successfully moved to proceed in forma pauperis ("IFP"). See 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**A.	42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.	Heck bar**

In Plaintiff's Complaint, he alleges that his defense counsel in his state criminal proceedings, and later his appellate counsel, provided "ineffective assistance of counsel." (Compl. at 2.) Plaintiff seeks compensatory and punitive damages against all the named

Defendants. (*Id.* at 8.) However, because Plaintiff is seeking monetary damages against these Defendants, who are his appointed trial and appellate counsel, under 42 U.S.C. § 1983, based on alleged violations of his constitutional rights, his claims amount to an attack on the validity of his underlying criminal conviction, and as such, are not addressable under 42 U.S.C. § 1983, unless he also alleges that his conviction has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-856 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 . . . .'") (quoting *Heck*, 512 U.S. at 489).

*Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. A claim challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would,* the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added).

An action barred by *Heck* should be dismissed for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction. *Edwards*, 520 U.S. at 649.

Here, to the extent Plaintiff intends to raise claims of ineffective assistance of counsel, such claims "necessarily imply the invalidity" of his criminal conviction and continued incarceration. *Heck*, 512 U.S. at 487. In other words, were Plaintiff to succeed in showing that he was provided ineffective assistance of either trial or appellate counsel, an award of damages would "necessarily imply the invalidity" of his conviction and/or sentence. *Id.*; see also *Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed on ineffective assistance claim petitioner must show that counsel's performance fell below objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different).

In addition, Plaintiff is seeking injunctive relief in the form of DNA testing and "contends that the prosecutor in this case had a continuous duty to disclose information favorable to the defense, which the prosecution refused to disclose in violation of *Brady v. Maryland.*" (Compl. at 5.) However, a claim that involves allegations of a constitutional violation under *Brady v. Maryland* is also clearly barred by *Heck*. See *Skinner v. Switzer*, 562 U.S. 521, 536 (2011) ("Brady claims have ranked within the traditional core of habeas corpus and outside the province of § 1983).

### C. State actor

Moreover, even if Plaintiff could show that his conviction has already been invalidated, to state a claim under 42 U.S.C. § 1983, he must also allege that his appointed trial and appellate counsel acted "under color of state law" to deprive him of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the

wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Attorneys who represent criminal defendants generally do not act under color of state law because representing a client "is essentially a private function . . . for which state office and authority are not needed." *Dodson*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). When attorneys perform as advocates, i.e., meet with clients, investigate possible defenses, present evidence at trial, or make arguments to a judge or jury, they do not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Dodson*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as she performs a traditional role of an attorney for a client, "h[er] function," no matter how ineffective, is "to represent h[er] client, not the interests of the state or county.").

**D.     Immunity**

1.     Judicial immunity

In addition, to the extent that Plaintiff is seeking money damages against Superior Court Judge Kirkman for rulings that he made in Plaintiff's criminal matters, this Defendant is absolutely immune.  "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).  Therefore, as a Superior Court Judge, Defendant Kirkman has absolute immunity from civil proceedings relating to these actions, which were performed within his judicial discretion.

2.     Prosecutorial immunity

As a prosecutor, Defendant Trevino is likewise entitled to absolute prosecutorial immunity. *Id.* at 1076 ("Where a prosecutor acts as an advocate 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." (quoting

5

*Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts.").

## II. Conclusion

For all the reasons set out above, IT IS ORDERED that:

(1) Plaintiff's Complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim and for seeking monetary damages against immune defendants. However, Plaintiff is granted forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

(2) The Clerk of Court is directed to mail a form civil rights complaint to Plaintiff.

IT IS SO ORDERED.

Dated: May 4, 2017

*[signature]*
Hon. Anthony J. Battaglia
United States District Judge