# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY IVAN COGSWELL,<br><br>                     Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF SAN DIEGO COUNTY, et al.,<br><br>                     Defendant. | Case No.: 3:17-cv-0480-MMA-BGS<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915A** |

**I.    Procedural History**

On March 7, 2017, Henry Ivan Cogswell ("Plaintiff"), a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, filed a civil rights complaint ("Compl.") brought pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) In addition, Plaintiff prepaid the initial civil filing fee required to commence a civil action pursuant to 28 U.S.C. § 1914(a). (Doc. No. 4.)

On May 4, 2017, the Court found that Plaintiff's Complaint failed to state a viable § 1983 claim and further found that Plaintiff was seeking monetary damages against immune defendants. (Doc. No. 3. at 5.) Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies raised by the Court in the Order. (*Id.*) On May 30, 2017, Plaintiff filed his First Amended Complaint ("FAC"). (Doc. No. 6.)

This matter was then transferred pursuant to the "Low-Number" rule to this Court. (Doc. No. 7.)

**II.    Sua Sponte Screening per 28 U.S.C. § 1915A(b)(1)**

As the Court previously informed Plaintiff, even though he paid the filing fee, the Court can conduct a sua sponte review of Plaintiff's FAC because he is "incarcerated or detained in any facility [and] is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(a), (c). Section 1915A, enacted as part of the Prison Litigation Reform Act ("PLRA"), requires sua sponte dismissal of prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). A similar screening provision of the PLRA would apply to Plaintiff's FAC even if he successfully moved to proceed in forma pauperis ("IFP"). See 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**A.    42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks

and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Heck bar

In Plaintiff's FAC, he alleges that his defense counsel in his state criminal proceedings, and later his appellate counsel, provided "ineffective assistance of counsel." (FAC at 2.) Plaintiff seeks compensatory and punitive damages only against Robert Ford, the deputy public defender who represented Plaintiff during his criminal proceedings. (*Id.* at 5.) However, because Plaintiff is seeking monetary damages against Robert Ford, who was his appointed counsel, under 42 U.S.C. § 1983, based on alleged violations of his constitutional rights, his claims amount to an attack on the validity of his underlying criminal conviction, and as such, are not addressable under 42 U.S.C. § 1983, unless he also alleges that his conviction has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-856 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 . . . .'") (quoting *Heck*, 512 U.S. at 489).

*Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. A claim challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

In *Heck*, the Supreme Court held that:

> "When a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would,* the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed."

*Heck*, 512 U.S. at 487 (emphasis added).

An action barred by *Heck* should be dismissed for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction. *Edwards*, 520 U.S. at 649.

Here, to the extent Plaintiff intends to raise claims of ineffective assistance of counsel, such claims "necessarily imply the invalidity" of his criminal conviction and continued incarceration. *Heck*, 512 U.S. at 487. In other words, were Plaintiff to succeed in showing that he was provided ineffective assistance of either trial or appellate counsel, an award of damages would "necessarily imply the invalidity" of his conviction and/or sentence. *Id.*; see also *Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed on ineffective assistance claim petitioner must show that counsel's performance fell below objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different).

**C.   State actor**

Moreover, even if Plaintiff could show that his conviction has already been invalidated, to state a claim under 42 U.S.C. § 1983, he must also allege that his appointed trial and appellate counsel acted "under color of state law" to deprive him of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). A person "acts under color of state law [for purposes of § 1983] only when

4

exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Attorneys who represent criminal defendants generally do not act under color of state law because representing a client "is essentially a private function . . . for which state office and authority are not needed." *Dodson*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). When attorneys perform as advocates, i.e., meet with clients, investigate possible defenses, present evidence at trial, or make arguments to a judge or jury, they do not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Dodson*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as she performs a traditional role of an attorney for a client, "h[er] function," no matter how ineffective, is "to represent h[er] client, not the interests of the state or county.").

### D. Validity of Conviction

The main relief Plaintiff seeks in this action is the "immediate release and relief from incarceration." (FAC at 6.) However, Plaintiff cannot proceed pursuant to 42 U.S.C. § 1983, for "[s]uits challenging the validity of [a] prisoner's continued incarceration lie within 'the heart of habeas corpus.'" *Ramirez*, 334 F.3d at 856, *quoting Preiser*, 411 U.S. at 489-99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court). "'[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Id.*; *see also Nettles v. Grounds*, 830 F.3d 922, 928 (9th Cir. 2016) (en banc) ("[C]laims … which would … result[] in immediate release if successful, f[a]ll within the core of habeas corpus and therefore

[must] be brought, if at all, in habeas.") (citing *Preiser*, 411 U.S. at 487), *cert. denied*, 137 S. Ct. 635 (No. 16-6556) (Jan. 9, 2017).

### III. Leave to Amend

Finally, while the Court would typically grant Plaintiff leave to amend in light of his pro se status, it concludes that doing so under the circumstances presented by his pleadings in this action would be futile. *See Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend). However, within thirty (30) days of the filing of this Order, Plaintiff may seek leave to file an amended petition in *Cogswell v. Superior Court of San Diego, et al.*, S.D. Cal. Civil Case No. 3:17-cv-0118-MMA-BGS.

### IV. Conclusion

For all the reasons set out above, the Court:

1) **DISMISSES** this civil action without leave to amend based on Plaintiff's failure to state a claim upon which relief can be granted and pursuant to 28 U.S.C. § 1915A(b)(1); and

2) **CERTIFIES** that an IFP appeal from this Order would be not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of Court is directed to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATE: September 19, 2017

_Michael M. Anello_
HON. MICHAEL M. ANELLO
United States District Judge